## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INLINE PLASTICS CORP., a Connecticut corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| vs. | ) ) | |
| PWP INDUSTRIES, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | June 16, 2009 |

### COMPLAINT

Plaintiff, Inline Plastics Corp. ("Inline Plastics"), by its undersigned attorneys, for its cause of action against Defendant, PWP Industries ("PWP"), states and alleges the following:

### THE PARTIES

1.      Plaintiff, Inline Plastics, is a Connecticut corporation having its principal place of business at 42 Canal Street, Shelton, Connecticut 06484.

2.      On information and belief, Defendant, PWP, is a Delaware corporation having its corporate headquarters located at 3751 Seville Avenue, Vernon, California 90058.  On information and belief, PWP is a subsidiary of HPC Industries.

3.      This action is for patent infringement by PWP, and arises under the patent laws of the United States, Title 35, United States Code.

STM 271590.1

4.      On information and belief, PWP is doing business in the State of Connecticut by shipping into the State of Connecticut, or offering to sell or selling, or causing others to ship into the State of Connecticut or use, offer to sell or sell PWP tamper-resistant/evident containers.

## JURISDICTION AND VENUE

5.      This Court has proper, original and exclusive jurisdiction over the subject matter of this action based on Title 28, United States Code, §§ 1331 and 1338(a).

6.      Venue is proper in this Court under the provisions of Title 28, United States Code § 1400(b).

## THE PATENT IN SUIT

7.      On October 10, 2006, United States Letters Patent No. 7,118,003 ("the '003 patent"), entitled "Tamper Resistant Container with Tamper-Evident Feature and Method of Forming the Same" was duly and legally issued by the United States Patent and Trademark Office.

8.      The '003 patent has been assigned to Inline Plastics by Robert Sellari, Peter Boback, and Bruce Stein and a copy of the assignment was recorded with the United States Patent and Trademark Office at reel and frame numbers 016419/0734 on April 4, 2005.. A copy of the '003 patent is attached hereto as Exhibit A.

9.      On information and belief, subsequent to the issuance of the '003 patent, PWP began manufacturing, selling, importing and/or offering for sale tamper resistant/evident containers that infringe the '003 patent within this judicial district and elsewhere in the United States in

STM 271590.1

violation of 35 U.S.C. § 271. Photographs of samples of the currently accused PWP tamper resistant/evident containers are attached hereto as Exhibit B. The samples were obtained by Inline within the State of Connecticut.

10.     Upon information and belief, PWP knew or should have reasonably known of the existence of the '003 patent, and despite such knowledge, PWP has continued to engage in activities that infringe the '003 patent in violation of 35 U.S.C. § 271 without lawful justification.

11.     Upon information and belief, PWP has, by its aforementioned infringement of the '003 patent, unlawfully derived substantial profits and gains that Inline Plastics would have otherwise received.

### COUNT I - INFRINGEMENT OF THE '003 patent

12.     Plaintiff repeats and realleges Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.     Defendant PWP has infringed and continues to infringe the '003 patent by making, selling, importing and offering for sale tamper resistant/evident containers which infringe the '003 patent.

14.     As a direct and proximate consequence of PWP's infringement of the '003 patent, Inline Plastics has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which Inline Plastics is entitled to injunctive relief and damages, as set forth in 35 U.S.C. §§ 281, 283 and 284.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Inline Plastics demands trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.      For a judgment that PWP has infringed United States Letters Patent No. 7,118,003 in violation of 35 U.S.C. § 271 and said infringement has been willful.

B.      For a permanent injunction enjoining and restraining PWP, its officers, agents and servants, employees, and attorneys, parents and subsidiaries, and other persons in active concert or participation with PWP, from further infringing the '003 patent, and from making, using, selling, importing, offering for sale, or licensing any and all products that infringe United States Letters Patent No. 7,118,003;

C.      For an accounting for damages suffered by plaintiff, including lost profits caused by infringement of United States Letters Patent No. 7,118,003, and for a judgment requiring PWP to compensate Inline Plastics for such damages;

D.      For an assessment of up to three times the damages so determined, pursuant to 35 U.S.C. §284;

E.      For an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.      For an assessment of interest and costs against defendant; and

STM 271590.1

G.    For such other and further relief that this Court deems just and proper.

Dated:  June 16, 2009

PLAINTIFF, INLINE PLASTICS CORP.
BY ITS ATTORNEYS
EDWARDS ANGELL PALMER & DODGE LLP

By: _____
    Barry Kramer (CT 06932)
    bkramer@eapdlaw.com
    David J. Silvia (CT 25134)
    dsilvia@eapdlaw.com
    Edwards Angell Palmer & Dodge LLP
    Attorneys for Plaintiff
    301 Tresser Boulevard
    Stamford, CT  06901
    Telephone:  (203) 975-7505
    Facsimile:  (203) 975-7180

STM 271590.1