IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INLINE PLASTICS CORP.,<br>a Connecticut corporation.<br><br>      Plaintiff,<br><br>  v.<br><br>PWP INDUSTRIES,<br>a Delaware corporation,<br><br>      Defendant. | Civil Action No. 3:09CV951 (AWT)<br><br>AUGUST 29, 2009 |

## ANSWER TO COMPLAINT

Defendant PWP Industries ("PWP") hereby answers the Complaint of Plaintiff Inline Plastics Corp. ("Inline Plastics"). The numbered paragraphs of this Answer correspond to the Paragraphs of the Complaint.

## THE PARTIES

1. PWP admits the allegations of Paragraph 1.

2. PWP admits that it is a Delaware Corporation having a corporate headquarters at 3751 Seville Avenue, Vernon, California 90058, and that it is a HPC company.

3. PWP admits that Inline Plastics has brought an action alleging patent infringement arising under Title 35, United States Code. To the extent that additional allegations are implicit in paragraph 3 of the Complaint, PWP denies those allegations.

4. PWP denies the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. PWP admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent that additional allegations are implicit in paragraph 5 of the Complaint, PWP denies those allegations.

6. Paragraph 6 sets forth legal conclusions to which no responsive pleading is required. Further answering, PWP states that this case should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404.

## THE PATENT IN SUIT

7. PWP admits that the United States Patent and Trademark Office issued Patent No. 7,118,003, entitled "Tamper Resistant Container with Tamper-Evident Feature and Method of Forming the Same" ("the '003 patent") on October 10, 2006. PWP denies the remaining allegations of Paragraph 7.

8. PWP admits that a copy of the '003 patent is attached to the Complaint as Exhibit A and that a purported assignment of the '003 patent from Robert Sellari, Peter Boback, and Bruce Stein to Inline Plastics Corporation was recorded at the USPTO at reel and frame numbers 016419/0734 on April 4, 2005. PWP lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 8 and therefore denies the same.

9. PWP admits that, after issuance of the '003 patent, it manufactured, sold, imported or offered for sale tamper resistant containers in the United States. PWP denies that such activity infringed the '003 patent. PWP lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 9 and therefore denies the same.

10. PWP denies the allegations of Paragraph 10.

11. PWP denies the allegations of Paragraph 11.

## COUNT I – INFRINGEMENT OF THE '003 PATENT

12. PWP incorporates its responses to Paragraphs 1 through 11 as though set forth in full herein.

13. PWP denies the allegations of Paragraph 13.

14. PWP denies the allegations of Paragraph 14.

## AFFIRMATIVE DEFENSES

PWP alleges the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE – NO INFRINGEMENT

15. PWP has not infringed and is not infringing the '003 patent.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

16. The '003 patent is invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including but not limited to §§ 102, 103 or 112.

### THIRD AFFIRMATIVE DEFENSE – FAILURE TO MARK

17. While it remains Inline Plastic's burden to prove its damages, Inline Plastic's damages, if any, are limited under 35 U.S.C. § 287 because Inline Plastics failed to mark its products covered by the '003 patent.

### FOURTH AFFIRMATIVE DEFENSE – FORUM NON-CONVENIENS

18. Inline Plastic's action should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404, as set forth in PWP's Motion to Transfer.

## COUNTERCLAIMS

PWP hereby brings the following counterclaim against Inline Plastics:

### THE PARTIES

1. Plaintiff PWP is a Delaware corporation having a principal place of business at 3751 Seville Avenue, Vernon, California 90058.

2. On information and belief, Defendant Inline Plastics is a Connecticut corporation having its principal place of business at 42 Canal Street, Shelton, Connecticut 06484.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment in a case of actual controversy between Plaintiff and Defendant arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Laws, 35 U.S.C. § 100, *et seq.*

5. There is an actual controversy within the jurisdiction of this Court concerning Plaintiff's liability for the alleged infringement of United States Letters Patent No. 7,118,003 ("the '003 patent"). This Court has subject matter over the claims for declaratory judgment pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to the personal jurisdiction of this Court.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)-(c).

## GENERAL ALLEGATIONS

8. Defendant claims to own rights in U.S. Patent No. 7,118,003, entitled "Tamper Resistant Container with Tamper-Evident Feature and Method of Forming the Same."

9. Defendant has alleged, and continues to allege, that PWP infringed the '003 patent by, among other things, selling and offering to sell certain plastic containers.

10. Plaintiff disputes these allegations.

11. Thus, there exists an actual controversy between Defendant and Plaintiff concerning the alleged infringement of the '003 patent.

## CLAIM FOR RELIEF—DECLARATORY JUDGMENT OF NONINFRINGEMENT AND/OR INVALIDITY

12. Plaintiff repeats and re-alleges each and every allegation set forth in this complaint as if fully set forth herein.

13. Plaintiff has not and does not infringe any valid claims of the '003 patent.

14. Plaintiff seeks a declaration from this Court that Plaintiff has not and does not infringe any valid claims of the '003 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaration and judgment in its favor against Defendant for the following relief:

A.  For an Order declaring that PWP has not, and does not, infringe the '003 patent;

B.  For an Order declaring that the '003 patent is invalid;

C.  For an Order declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding costs and attorneys' fees to Plaintiff;

D.  For such other relief as this Court may deem just and proper.

## JURY DEMAND

PWP demands trial by jury of all issues so triable.

Respectfully submitted,
DEFENDANT, PWP INDUSTRIES, INC.,

*Of Counsel*:
Steven J. Nataupsky
Michael K. Friedland
Stephen W. Larson
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Tel: (949) 760-0404

/s/ Nicholas A. Pisarsky
Jonathan B. Tropp (ct11295)
Nicholas A. Pisarsky (ct27916)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300
Fax: (203) 977-7301
jbtropp@daypitney.com
npisarsky@daypitney.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                            /s/ Nicholas A. Pisarsky

7413351